**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SWARTZ AMBULANCE SERVICE, INC., a
Michigan corporation, and HARRY
SWARTZ, individually,

        Plaintiffs,                 Case Number: 08-11448

v.                                     HON. MARIANNE O. BATTANI

GENESEE COUNTY, et al.,

        Defendants.
                                     /

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION TO DISMISS**

Before the Court is Defendants Michigan Department of Community Health and Janet Olszewski's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 11). Plaintiffs Swartz Ambulance Service, Inc. ("Swartz") and Harry Swartz filed an action challenging the legality of a Genesee County Ordinance, which has not been implemented. Defendants include Genesee County, its Board of Commissioners, the Genesee County Public Health Department and the County Public Health Officer, the Genesee County Medical Control Authority, its Director, its Executive Director, the Genesee County 9-1-1 Consortium, and its Director, as well as the Michigan Department of Community Health and its Director.

The Court heard oral argument on July 2, 2008. At the conclusion of the hearing, the Court took this matter under advisement. For the reasons that follow, the Court **GRANTS** the motion.

## I. FACTUAL BACKGROUND

Swartz is an ambulance service provider, licensed by the state and operating in Genesee County. See Compl. at ¶ 6. Harry Swartz is a property owner and pays property taxes in Genesee County. Id. at ¶ 7. On March 11, 2008, Plaintiffs filed their Complaint in state court, challenging the Genesee County Ambulance Operations and Emergency Medical Services Ordinance. According to Plaintiff, if the Ordinance is implemented, it would create two exclusive ambulance service provider "zones" in Genesee County and permit only a single ambulance provider to provide ambulance services in each, or both zones. Compl. at ¶ 39. Plaintiffs contend that the Ordinance subjects any ambulance provider not chosen to criminal penalties if that ambulance provider renders any services, emergency or nonemergency. Compl. at ¶ 41.

Defendant Michigan Department of Community Health ("MDCH") protects public health and provides for the regulation of health services and activities, including emergency medical services. Id. at ¶ 28. Defendant Janet Olszewski is the Director of Michigan Health, and has general supervisory control over the administration of the Public Health Code. Id. at ¶ 29.

Among other things, MDCH licenses ambulance operations, nontransport prehospital life support operations, and medical first response services. MICH.COMP. L. § 333.20910 (1)(2)(ii). It coordinates and administers a statewide emergency system, but local medical control authorities (MCAs) supervise emergency medical services" in designated geographical regions. MICH.COMP.L. § 333.20918 et seq..

In order to implement emergency medical services in their geographic regions, MCAs are required to submit written drafts of proposed protocols to the MDCH for

review and approval prior to adoption and implementation. MICH. COMP. L §§ 333.20919(1), 333.20919(3)(a)-(d). Michigan law does not address how counties or local units of government determine who will provide emergency medical services within respective areas, however, "a local governmental unit may enact an ordinance regulating ambulance operations, nontransport prehospital life support operations, or medical first response services. . . ." Compl. ¶ 55.

## II. STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the plaintiff must show that his complaint alleges facts which, if proven, would entitle him to relief. First Am. Title Co. v. DeVaugh, 480 F.3d 438, 443 (6th Cir. 2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Weiner v. Klais & Co., 108 F.3d 86, 88 (6th Cir. 1997). When reviewing a motion to dismiss, the Court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombley, 127 S.Ct. 1955, 1974 (2007). "Under general pleading standards, the facts alleged in the complaint need not be detailed, although 'a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.' " Twombley, 127 S.Ct. at 1964-65.

3

## III.  ANALYSIS

### A.  Should MDCH be dismissed?

In their Complaint, Plaintiffs do not assert that MDCH engaged in any wrongdoing; they allege that MDCH is "named as a party by necessity. . . ."  The parties contest whether complete relief is available without MDCH's presence.  Compl. at ¶ 28.

Under Fed. R. Civ. P. 19(a)(1), "A person who is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties."

At its heart, Plaintiff's Complaint challenges the legality of an Ordinance enacted by the Genesee County Board of Commissioners; it is undisputed that MDCH had no role in enacting or approving the Ordinance.  Plaintiffs do not allege that MDCH is failing to meet its statutory duties and responsibilities under the Code inasmuch as MDCH has approved the existing protocols.  Nevertheless, Plaintiffs maintain that unless MDCH is bound by a judgment enjoining implementation of the Ordinance, it could approve protocols that have the effect of implementing the provision of the Ordinance.

Plaintiffs' Complaint contains no allegations that MDCH received or acted on any proposed protocols.  Plaintiffs' theory is built on their assumption is that if the Ordinance is challenged successfully MDCH would ignore the ruling.  The theory is clearly speculative, and there is no basis for keeping MDCH in this litigation as a necessary party.

### B. Should Olszewski be Dismissed?

Plaintiffs' Complaint alleges that Janet Olszewski, the Director of MDCH, who has statutory responsibility for administration and supervision of emergency medical services, has failed to exercise that responsibility. Specifically, Olszewski "has failed to hold Medical Control Authority responsible for promulgating regulations required of Medical Control by the Public Health Code." Pls.' Compl. ¶ 29(b).

The Public Health Code requires MCAs to circulate a written draft of proposed protocol to all significantly affected persons within the emergency medical services system served by the MCA and submit the written draft to the MDCH for approval at least 60 days before adoption of the protocol. MICH. COMP. L. §333.20919. MDCH must review the proposal for consistency with other protocols already established and consider the written comments received from interested persons. MDCH then provides a written recommendation to the MCA with comments or suggested changes. After MDCH approval, the MCA may formally adopt and implement the proposed protocol. Id. §333.20920.

Plaintiffs concede that current medical control protocols do not restrict the number of licensed ambulance operations permitted to operate in Genesee County. The pleadings reveal that no new protocols have been adopted, consequently, no draft has been circulated or submitted to MDCH or its Director for approval. Their claim against Olszewski is that Genesee County intends to contract with MCA to establish protocols that exclude all but one ambulance operation from a geographic area. Compl., ¶ 66. Inclusion of Olszewski in this Complaint is overreaching. There is no claim against her based on the facts as they existed at the time the Complaint was filed.  **IV.**

**CONCLUSION**

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss.

**IT IS SO ORDERED**.

                                s/Marianne O. Battani
                                MARIANNE O. BATTANI
                                UNITED STATES DISTRICT JUDGE

Dated: July 25, 2008

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed to counsel of record on this date by ordinary mail and/or electronic filing.

                                s/Bernadette M. Thebolt
                                Deputy Clerk