**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SWARTZ AMBULANCE SERVICE, INC., a
Michigan corporation and HARRY
SWARTZ, individually,

          Plaintiffs,          Case Number: 08-11448

v.                        HON. MARIANNE O. BATTANI

GENESEE COUNTY, et al.,

          Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTION TO REMAND**

Before the Court is Swartz Ambulance Service, Inc ("Swartz") and Harry Swartz's Motion to Remand to Genesee County Circuit Court (Doc. No. 16). Plaintiffs filed an action in state court challenging the legality of a Genesee County Ordinance. Defendants include Genesee County, its Board of Commissioners, the Genesee County Public Health Department and the County Public Health Officer, the Genesee County Medical Control Authority, its Director, its Executive Director, the Genesee County 9-1-1 Consortium and its Director, as well as the Michigan Department of Community Health and its Director.

The Court heard oral argument on July 2, 2008. At the conclusion of the hearing, the Court took this matter under advisement. For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** the motion.

## II. STANDARD OF REVIEW

In reviewing a motion to remand, the court must be mindful of the scope of the federal jurisdictional statutes and the overriding constitutional limits to federal district court jurisdiction. Therefore, courts construe removal statutes narrowly, resolving uncertainties in favor of remand. Her Majesty the Queen of Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989).

## III. FACTUAL BACKGROUND

Swartz is an ambulance service provider, licensed by the state and operating in Genesee County. See Compl. ¶ 6. Harry Swartz is a property owner and pays property taxes in Genesee Co. On March 11, 2008, Plaintiffs filed their Complaint in state court, challenging the Genesee County Ambulance Operations and Emergency Medical Services Ordinance. Plaintiffs' Complaint seeks injunctive relief, declaratory relief, and monetary damages. According to Plaintiffs, the claims alleged stem from 1) the enactment and/or implementation of the Ordinance and 2) improper use of funds collected pursuant to a Genesee County millage in violation of the Michigan General Property Tax Act.

On April 4, 2008, Defendants filed a joint Notice of Removal. Defendants Genesee County, County Commissioners, Public Health Department and its Director, Robert Pestronk[1] assert removal was proper under 42 U.S.C. §1441(a) and (b). They dispute Plaintiffs' characterization of the bases of the claims and contend that the claims

---

[1] Defendant Medical Control Authority, its Director and Executive Director concur with the Genesee County Defendants and join in opposing remand. Defendants Michigan Department of Community Health and Janet Olszewski also filed a brief which requests that the Court deny the motions to remand.

are so interlocked as to form part of the same case or controversy.

## IV. ANALYSIS

Plaintiffs ask this Court to remand this case to state court for two reasons. First, the case should be remanded to state court pursuant to 28 U.S.C 1441(c) because a violation of the General Property Tax Act, a completely separate and independent claim from the rest of the claims advanced in their Complaint is pleaded, and state claims predominate the action. Second, Plaintiffs assert the case should be remanded to state court pursuant to 28 U.S.C. §1367(c)(1)(2) and/or (4), because the state claims raise novel and complex issues of state law.

An overview of the two statutory provisions advanced in support of remand follows. The relationship between the supplemental jurisdiction statute, 28 U.S.C. § 1367, and the removability provision contained in 28 U.S.C. § 1441(c) warrants consideration. See 14C Charles Alan Wright et al., Federal Practice and Procedure § 3724, at 3 (3d ed.1998) (stating that § 1441(c) is an "unusual and complex provision" with "a tortured history," and that it initially seems to be inconsistent, or at least unharmonious, with supplemental jurisdiction under § 1367(a)). Section 1441 allows the removal of an entire case to federal court "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action." 28 U.S.C. § 1441 (c). On the other hand, § 1367(a) grants the district courts supplemental jurisdiction over state law claims when they are "so related" to the claim supporting federal question jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). With these principles in mind, the Court turns its attention to the

parties' arguments.

### A. Does 28 U.S.C § 1441(c) Authorize the Court to Remand the State Claims?

Title 28 U.S.C. §1441(c) reads,

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

In reading the statutory language, it is evident that the first criterion that must be met is the existence of a separate and independent, otherwise nonremovable claim. The United States Supreme Court has held there is no "separate and independent" claim or cause of action under § 1441(c) "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions." Am. Fire & Cas. Co. v. Finn, 341 U.S. 6, 14 (1951); 14C Wright et al., supra, § 3724, at 9 (stating that § 1441(c) limits removal "to situations in which a federal question claim is joined with a separate and independent claim of a nonfederal-and otherwise nonremovable-nature").

Here, the property tax claim is not one arising from an interlocked series of transactions, and the Court rejects Defendants' argument to the contrary. According to Defendants, Count XV (Conspiracy) trumps any finding of the existence of a separate and independent claim because it incorporates all previous allegations of the Complaint. It reads, "Defendants have participated as co-conspirators with each other in the violations alleged, and have performed acts and made statements in furtherance thereof." Compl., ¶¶ 187, 188. Based on this language, Defendants conclude that the

4

violation of the General Property Tax Act, Count XII, is inseparable from Plaintiffs' other claims.

Defendants' argument is undermined by a fair reading of the Complaint and case law interpreting the statutory language. The case upon which Defendants rely, <u>Jury-Rowe Co. of Lansing v. Teamsters & Chauffeurs Local Union</u>, 97 F.Supp. 633 (E.D. Mich. 1951) (conspiracy was entered into between certain of the defendants to prevent the delivery of goods and merchandise to the plaintiff) is distinguishable. In <u>Jury-Rowe</u>, the plaintiff brought one cause of action for conspiracy. It advanced no federal claim. Here, Plaintiffs' Complaint clearly contains two sets of wrongs: the wrongs stemming from the Ordinance, and the wrongs stemming from the improper use of the millage funds. The millage did not predicate the enactment of the Ordinance, and Plaintiffs could have brought the claim about improper use of funds even if the Ordinance was not enacted. Therefore, its conclusion in the overarching claim of conspiracy does not validate Defendants' argument.

Although the Court agrees with Plaintiffs that the claims are separate and independent, it does not construe § 1441(c) to permit remand of an entire case, including unresolved federal claims, when the district court finds that state law predominates. Although some district courts have interpreted the word "matters," in the provision as authorization to remand entire "cases," even those containing federal claims, provided that the state-law claims "predominated" over the federal claim or claims in each case, the Court declines to adopt such a reading. <u>See</u>, <u>e.g.</u>, <u>Moralez v. Meat Cutters Local 539</u>, 778 F.Supp. 368, 370-71 n. 4 (E.D.Mich. 1991) (relying on the commentary to the 1990 revisions to the Code that suggested that the term could be

construed to refer to an entire case, rather than individual claims).

The court reaches its decision in the absence of clear direction from the Sixth Circuit, which has not ruled on the issue. The Court is not without guidance because other federal appellate courts have rejected such reasoning. See Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996) ("A district court has no discretion to remand a claim that states a federal question."); Borough of West Mifflin v. Lancaster, 45 F.3d 780, 787 (3d Cir. 1995); Brockman v. Merabank, 40 F.3d 1013, 1017 (9th Cir. 1994); Buchner v. F.D.I.C., 981 F.2d 816, 819-20 (5th Cir. 1993); cf. In re City of Mobile, 75 F.3d 605, 607-08 (11th Cir. 1996) (rejecting similar rationale for remand of federal claims under 28 U.S.C. § 1367). The basis of the rejection is sound. Federal courts must be cognizant of their "unflagging obligation to exercise the jurisdiction conferred upon them by the coordinate branches of government and duly invoked by litigants." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). The exercise of federal question jurisdiction is not discretionary and is not overridden by the directive to construe removal statutes narrowly. See generally Moore's Federal Practice § 107.41[1][e], at 107-203 (Rev.2000) ("Federal question jurisdiction is not discretionary with the court."). In sum, Plaintiffs' argument that remand is called for when state law claims predominate is unpersuasive, and cannot "pry loose from this Court an entire case in which a federal claim has been found." Majeske v. Bay City Bd. of Educ., 177 F.Supp.2d 666 (E.D.Mich. 2001) ( courts lack "discretionary authority to remand a case and decline federal jurisdiction over a federal-question-based claim merely because state law claims otherwise predominate").

Accordingly, the Court rejects Plaintiffs' request to remand the entire case and turn its attention to whether those matters in which state law predominates should be remanded.[2] It is evident that Count XII, the General Property Tax Act claim, is wholly unrelated to the rest of the matters pleaded in Plaintiffs' Complaint and it is based entirely on state law. Accordingly, the Court finds remand of Count XII prudent. The arguments raised as to the remaining claims in which state law predominates are considered under § 1367.

**C. Does § 1367(c)(1)(2) or(4) Authorize Remand?**

Pursuant to 28 U.S.C. §1367(c), the Court has discretion to decline jurisdiction only in cases where certain factors are met. Section 1367 states, in pertinent part:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> (1) the claim raises a novel or complex issue of State law;
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

---

[2]Plaintiffs argue that those claims alleging violations of federal law are subsumed, and therefore predominated, by their state counterparts. See e.g. Counts IV, "Combination or Conspiracy in Restraint of Trade or Commerce," and V "The Ordinance Creates a Monopoly in Violation of Section 2 of the Sherman Act," Count VI, entitled "Equal Protection of the Law," Count VII, which advances a due process claim, Count VIII, which alleges impairment of contract, Count IX, Violation of Takings Clause. Compl. at ¶¶ 120, 128, 141, 143, 148, 157. The Court disagrees. The claims clearly invoke federal law; the existence of a state counterpart in no way qualifies the claims as matters in which state law predominates.

The Court finds no basis under the statute for remanding those claims that are parallel to the federal claims, including Counts III (inverse condemnation), IV (restraint of trade), V (monopoly) , VI (equal protection), VII (due process) , VIII (impairment of contract), IX (violation of takings clause) and X (void for vagueness).  These are the claims that arise out of the state and federal constitutions or state and/or federal statutes.  A remand of these claims wastes judicial resources, forces the parties to litigate virtually the same claims in separate forums, and raises the possibility of inconsistent judgments.

There can be no dispute that Counts XIII (Tortious Interference with Contract), XIV (Tortious Interference with Business Expectancies) and XV (Civil Conspiracy) are run-of-the-mill state claims, which frequently are addressed in federal district court. Even though these claims clearly qualify as matters in which state law predominates, they arise out of the same facts as those claims supporting federal question jurisdiction and form part of the same case or controversy.  Consequently, the Court finds judicial resources are better served by retaining jurisdiction over these claims.

Plaintiffs also maintain that the Court should remand the "novel" or complex claims pleaded in Count I (Injunctive Relief for Ultra Vires Acts-County Board of Commissioners does not have Authority to Eliminate Ambulance Operations from the County), Count II (Injunctive Relief--The Ordinance is Preempted by State Law), and Count XI (Ordinance Violates the Michigan Emergency 9-1-1 Service Enabling Act). According to Plaintiffs, these are matters in which State law predominates, and they also can be deemed novel in the issues raised have not been specifically decided by any state court.

Despite the absence of case law addressing these specific provisions, federal courts frequently interpret statutory provision. Case law provides the rules of interpretation. To the extent that these claims are novel or complex, the Court, in its discretion, finds the relationship between all claims arising out of the enactment of the Ordinance outweighs any factor favoring remand.

## IV. CONCLUSION

The Court **GRANTS in part and DENIES in part** Plaintiffs' Motion to Remand. Pursuant to 28 U.S.C 1441(c), the Court **REMANDS** Count XII. The Court will retain jurisdiction over the remaining claims.

**IT IS SO ORDERED**.

                                           s/Marianne O. Battani
                                           MARIANNE O. BATTANI
                                           UNITED STATES DISTRICT JUDGE

Dated: July 25, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

                                           s/Bernadette M. Thebolt
                                           Deputy Clerk